IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARGRIT MEIER D/B/A HARTLAND INN,

    Plaintiff,

v.

    Case No.: 23CV158

    Case Code: 110

WADENA INSURANCE COMPANY

    Defendant.

---

## NOTICE OF REMOVAL

---

PLEASE TAKE NOTICE THAT the Defendant, Wadena Insurance Company ("Wadena"), by and through its attorneys, Otjen Law Firm, S.C., pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice of its removal of this action from the Circuit Court of Outagamie County, Wisconsin, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. In support of this Notice of Removal, Wadena states as follows:

1. On July 8, 2020, plaintiff Margrit Meier ("plaintiff" or "Ms. Meier") filed a complaint against defendant Wadena Insurance Company ("Wadena") in the United States District Court Eastern District of Wisconsin, asserting claims for breach of contract, bad faith, prejudgment interest, and a declaratory judgment based on disputed property damage claims under a Wadena insurance policy, captioned Meier v. Wadena Insurance Company, No. 20-CV-1025-bhl.

2. A copy of the Summons and Complaint, other process, pleadings, and orders served on Wadena in the Federal Action is attached to this Notice of Removal as **Exhibit A**.

3. In lieu of an answer, Wadena filed a motion to dismiss on September 16, 2020.

1

4. On August 19, 2021, Honorable Judge Brett Ludwig granted Wadena's motion to dismiss.

5. On September 2, 2022, Ms. Meier commenced a civil action in Outagamie County Circuit Court, captioned Meier v. Wadena Insurance Company and William Marske, No. 22-CV-777 (the "State Action").

6. A copy of the Summons and Complaint, other process, pleadings, and orders served on Wadena in the State Action is attached to this Notice of Removal as **Exhibit B**.

7. A true and accurate copy of the Order dismissing defendant William Marske is attached to this Notice of Removal as **Exhibit B-21**.

8. The causes of action in the State Action are nearly identical to Ms. Meier's previous Federal Action. Ms. Meier's causes of action in her complaint (Dkt. 3) included: Breach of Contract, Bad Faith, Prejudgment Interest, Setting Aside the Appraisal Award, and Declaratory Judgment.

9. Most importantly, the claims made in both Ms. Meier's Federal and State actions arose from the same factual circumstances surrounding the June 29, 2019, fire at the Hartland Inn, located at 110 Cottonwood Avenue, Hartland, WI 53029.

## DIVERSITY JURISDICTION

10. This Court now has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 due to complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000, exclusive of interest and costs.

11. Plaintiff is a citizen of the state of Wisconsin. See Compl. ¶ 1.

12. Defendant Wadena is a foreign corporation is a foreign insurance corporation organized under the laws of the State of Iowa, with its principal place of business located at 4445

Corporate Drive, West Des Moines, IA 50266. See Compl. ¶ 2. It is therefore a citizen of the state of Iowa.

13. The remaining defendant, William Marske ("Mr. Marske"), should be disregarded for purposes of diversity jurisdiction, because he was "fraudulently joined" as a sham defendant and properly dismissed by the Outagamie County Circuit Court.

14. Accordingly, there is complete diversity of citizenship among the parties.

15. Ms. Meier claims to have suffered economic losses well in excess of $75,000. Meier is seeking an additional $268,284.21 from Wadena, which represents the difference between what she has been paid and the building policy limit. Additionally, Ms. Meier seeks interest on any unpaid portion of her claim, punitive damages, and costs including attorney's fees. This means the amount in controversy satisfies the requirement of 28 U.S.C. § 1332(a).

16. Wadena may therefore remove this matter under 28 U.S.C. § 1441 based on diversity jurisdiction.

## **Defendant William Marske was "Fraudulently Joined"**

17. Defendant William Marske is a citizen of the state of Wisconsin. See Compl. ¶ 3.

18. Margrit Meier d/b/" Hartland Inn selected Paul Hausz as her appraiser and Wadena selected Mark Stromberger as their appraiser. Paul Hausz and Mark Stromberger selected William Marske as the umpire. See Compl. ¶ 15.

19. The appraisal resulted in an appraisal award dated August 10, 2022. The appraisal award was based on a broad evidence calculation by averaging four values for the market value of the property and two repair estimates. The six numbers were averaged, resulting in an appraisal award of $939,136.58. The face of the appraisal award indicates that the appraisal

3

Case 2:23-cv-00158-BHL    Filed 02/07/23    Page 3 of 7    Document 1

award was based upon a broad evidence calculation. The appraisal award was signed by William Marske and Mark Stromberger. See Compl. ¶ 16.

20. Plaintiff's complaint failed to state a cause of action against Mr. Marske. No factual allegations concerning Mr. Marske's liability appear in the complaint. See Compl.

21. "A plaintiff typically may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). Under the "fraudulent joinder" doctrine, a district court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id*.

22. "Fraudulent joinder," a "term of art," refers to "a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives" for joining the defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Joinder of an in-state defendant "is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) (quoting *Poulos*, 959 F.2d at 73). A defendant must demonstrate that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos*, 959 F.2d at 73. Although a defendant "bears a heavy burden to establish fraudulent joinder, it need not negate any possible theory that [the plaintiff] might allege in the future: only his present allegations count." *Id*. at 74.

23. Even if the allegations of Meier's complaint in the State Action are accepted as true, the complaint does not state a plausible claim for relief against Mr. Marske. When assessing

4

whether a defendant was fraudulently joined, "the Court must analyze whether the claim against [the defendant] raises the right to relief above the speculative level." *Wilkinson v. State Farm Fire & Cas. Co.*, No. 12-C-1187, 2015 WL 113299, at *1 (E.D. Wis. Jan. 8, 2015).

24. On February 2, 2023, Judge Mark G. Schroeder, of the Outagamie County Circuit Court, dismissed Mr. Marske as a defendant, on February 2, 2023, for "failure to state a claim for which relief can be granted." See **Exhibit B-21**.

## PROCEDURAL REQUIREMENTS

25. Generally, the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b)(1).

26. However, if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(3).

27. The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." *Curry v. Boeing Co.*, 542 F. Supp. 3d 804, 818, (N.D. Ill. 2021) The "timeliness inquiry is [therefore] limited to ... examining [the] contents of the clock-triggering pleading or other litigation paper; the question is whether that document, on its face or in

5

combination with earlier-filed pleadings, provides specific and unambiguous notice that the case satisfies federal jurisdictional requirements and therefore is removable." *Id.* at 818.

28. Plaintiff's State Action complaint did not show "clear and unequivocal notice" from the pleading itself that this case was removable.

29. Judge Mark Schroeder's February 2, 2023 order dismissing Mr. Marske as a "sham" defendant from the State Action for "failure to state a claim upon relief can be granted" shows "clear and unequivocal notice" that this case is now removable because the case satisfies federal jurisdictional requirements (diversity and amount in controversy) and is therefore removable. See **Exhibit B-21**.

30. The "30-day removal clock" began to run on February 2, 2023.

31. This Notice of Removal was timely filed by Wadena in the United States District Court Eastern District of Wisconsin on February 3, 2023. Well within the 30 days after the Motion to Dismiss Marske as a defendant was granted on February 2, 2023.

32. This Court is the United States District Court for the district embracing the place where the State Action is currently pending.

33. Undersigned counsel certifies that a Notice of Filing Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed with the Outagamie County Circuit Court. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit C**.

34. Undersigned counsel certifies that true and correct copies of this Notice of Removal with accompanying exhibits along with the Notice of Filing Notice of Removal will be promptly served on counsel for all other parties.

35. Wadena reserves the right to amend or supplement this Notice of Removal and to submit additional evidence in support should plaintiffs move to remand.

36. By this Notice of Removal, Wadena does not waive any rights, defenses, claims, or arguments relating to the Action.

WHEREFORE, Wadena hereby removes the above-captioned action from the Circuit Court of Outagamie County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin.

Dated this 3rd day of February, 2023.

> OTJEN LAW FIRM, S.C.
> Attorneys for Defendant,
> Wadena Insurance Company
>
> By: */s/ Matthew D. Nevaranta*
> Matthew D. Nevaranta
> State Bar No. 1115533
> Ronald G. Pezze, Jr.
> State Bar No. 1008987

P.O. ADDRESS:
20935 Swenson Drive
Suite 310
Waukesha, WI 53186
T: 262-777-2200
F: 262-777-2201
mnevaranta@otjen.com
rpezze@otjen.com