FILED
09-02-2022
Clerk of Circuit Court
Outagamie County
2022CV000777

**STATE OF WISCONSIN**  **CIRCUIT COURT**  **OUTAGAMIE**

Margrit Meier vs. Wadena Insurance Company et al

**Electronic Filing Notice**

Case No. 2022CV000777
Class Code: Other-Contract

---

WADENA INSURANCE COMPANY
4445 CORPORATE DRIVE
WEST DES MOINES IA 50266

PROCESS SERVER
TIME _10:15_ AM/PM   DATE _9/19/22_
( ) PERSONAL       ( ) SUBSTITUTE
( ) POSTED         ( ) CORPORATE

---

Case number 2022CV000777 was electronically filed with/converted by the Outagamie County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: a0ae2e**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 920-832-5131.

Outagamie County Circuit Court
Date: September 2, 2022

Exhibit B-3

FILED
09-02-2022
Clerk of Circuit Court
Outagamie County
2022CV000777

STATE OF WISCONSIN     CIRCUIT COURT     OUTAGAMIE COUNTY

MARGRIT MEIER
D/B/A HARTLAND INN
110 COTTONWOOD AVENUE
HARTLAND, WI 53029

                                        Plaintiff,

v.

WADENA INSURANCE COMPANY                          Case No. 22-CV-____
4445 CORPORATE DRIVE                               Case Code: 30303
WEST DES MOINES, IA 50266

WILLIAM MARSKE
N9281 BOUQUET DRIVE
APPLETON, WI 54915

                                        Defendants.

---

## SUMMONS

---

THE STATE OF WISCONSIN

TO EACH PERSON NAMED ABOVE AS A DEFENDANT:

You are hereby notified that the Plaintiff above named has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days after receiving this Summons, you must respond to the Complaint with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is Outagamie County Courthouse, 320 S Walnut St., Appleton, WI 54911, and to **MAYER, GRAFF & WALLACE, LLP,** Plaintiff's

attorneys whose mailing address is 1425 Memorial Drive, Suite B, Manitowoc, WI 54220. You may

have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the court may grant

judgment against you for the award of money or other legal action requested in the Complaint, and

you may lose your right to object to anything that is or may be incorrect in the Complaint. A

judgment may be enforced as provided by law. A judgment awarding money may become a lien

against any real estate you own now or in the future, and may also be enforced by garnishment or

seizure of property.

Dated this 2nd day of September, 2022.

MAYER, GRAFF & WALLACE, LLP

/s/ Ryan R. Graff

By: _____
     Attorney Ryan R. Graff
     State Bar No.: 1051307
     Attorneys for Plaintiff Margrit Meier d/b/a Hartland
     Inn

Mailing Address
1425 Memorial Drive, Suite B
Manitowoc, WI 54220
(920) 683-5800 Telephone
(800) 465-1031 Facsimile
rgraff@mgwlawwi.com

Exhibit B-3

**FILED**
**09-02-2022**
**Clerk of Circuit Court**
**Outagamie County**
**2022CV000777**

STATE OF WISCONSIN    CIRCUIT COURT    OUTAGAMIE COUNTY

MARGRIT MEIER
D/B/A HARTLAND INN
110 COTTONWOOD AVENUE
HARTLAND, WI 53029

                                     Plaintiff,

v.

WADENA INSURANCE COMPANY             Case No. 22-CV-___
4445 CORPORATE DRIVE                    Case Code: 30303
WEST DES MOINES, IA 50266

WILLIAM MARSKE
N9281 BOUQUET DRIVE
APPLETON, WI 54915

                                 Defendants.

---

## COMPLAINT

---

NOW COMES the plaintiff Margrit Meier d/b/a Hartland Inn by her attorneys, Mayer, Graff & Wallace LLP, and as for a complaint against the above-named defendants, alleges and shows to the Court as follows:

### PARTIES

1.    The plaintiff Margrit Meier d/b/a Hartland Inn is an adult citizen domiciled in the State of Wisconsin. Margrit Meier owned and operated the Hartland Inn located at 110 Cottonwood Avenue, Hartland, WI 53029.

2.    Defendant Wadena Insurance Company ("Wadena") is a foreign insurance corporation domiciled in the State of Iowa with its principal place of business located at 4445 Corporate Drive, West Des Moines, IA 50266. Wadena is qualified and registered to do business

in the State of Wisconsin, with a registered agent for service of process identified as Quentin Shafer, 10 E Doty Street, Suite 900, Madison, WI 53703.

3.    Defendant William Marske is an adult resident domiciled in the State of Wisconsin with a residence located at N9281 Bouquet Drive, Appleton, WI 54915.

4.    At all relevant times, Wadena issued a property and liability policy to Margrit Meier d/b/a Hartland Inn that provided coverage for damage to the building, as well as other real and personal property located at 110 Cottonwood Avenue, Hartland, WI 53029, consistent with its terms and conditions.

## GENERAL ALLEGATIONS

5.    On or about June 29, 2019, there was a fire at the Hartland Inn located at 110 Cottonwood Avenue, Hartland, WI 53029.

6.    The fire event and resulting damage described were and are covered perils pursuant to the Wadena policy issued to Margrit Meier d/b/a Hartland Inn.

7.    Shortly after the fire, Margrit Meier d/b/a Hartland Inn made a claim with Wadena for damage caused by the fire.

8.    The insurance policy issued by Wadena to Margrit Meier d/b/a Hartland Inn has a building limit of $1,113,420.

9.    The building located at 110 Cottonwood Avenue, Hartland, WI 53029 was repairable following the fire.

10.    On August 19, 2019, Wadena made a payment of $775,000 to Margrit Meier d/b/a Hartland Inn for the building using the Broad Evidence Rule.  In a letter dated September 4, 2019, which is hereby attached as Exhibit A and incorporated by reference, Wadena explained how it

made its broad evidence calculation. Very generally, the calculation was made by averaging the assessed value, sales approach value, cost approach value, and actual cost value of the building located at 110 Cottonwood Avenue, Hartland, WI 53029.

11.     Shortly after receiving IMT's $775,000 payment, Margrit Meier d/b/a Hartland Inn retained Miller Public Adjusters to represent her on the claim. Miller Public Adjusters advised Wadena that the building was repairable and provided an estimate of repairs which far exceeded the $1,113,420 building limit in the policy.

12.     Wadena also created its own repair estimate to repair the building which exceeded the $1,113,420 building limit. When this estimate was averaged into the broad evidence calculation, Wadena made an additional $60,135.79 payment, bringing their total payments to $845,135.79.

13.     Margrit Meier d/b/a Hartland Inn invoked the appraisal clause in the Wadena policy because there was a disagreement about the amount of loss. After Margrit Meier d/b/a Hartland Inn invoked appraisal, Wadena sent to Miller Public Adjusters a declaration of appraisers on April 14, 2020. That declaration is incorporated herein by reference as if fully stated herein and attached as Exhibit B. The declaration of appraisal indicated "when determining ACV, the Broad Evidence Rule is used in the state of Wisconsin. The Broad Evidence Rule says that everything that bears on the value of the property should be considered." Margrit Meier d/b/a Hartland Inn refused to sign the Declaration of Appraisal because she disagreed that Wisconsin allowed Wadena to apply the Broad Evidence Rule to calculate the Actual Cash Value of the building. Wadena eventually relented and did not force Margrit Meier d/b/a Hartland Inn to sign the declaration of appraisal.

14.     The Parties did sign a declaration of appraisers and indicated that the appraisal would determine the "amount of loss".

15.    Margrit Meier d/b/a Hartland Inn selected Paul Hausz as her appraiser and Wadena selected Mark Stromberger as their appraiser.  Paul Hausz and Mark Stromberger selected William Marske as the umpire.

16.    The appraisal resulted in an appraisal award dated August 10, 2022.  The appraisal award was based on a broad evidence calculation by averaging four values for the market value of the property and two repair estimates.  The six numbers were averaged, resulting in an appraisal award of $939,136.58. The face of the appraisal award indicates that the appraisal award was based upon a broad evidence calculation.  The appraisal award was signed by William Marske and Mark Stromberger.  Paul Hausz did not sign the appraisal award as he disagreed with the use of the broad evidence calculation.  The appraisal award is attached as Exhibit C and is hereby incorporated by reference.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

17.    At all relevant times, Wadena insured Margrit Meier d/b/a Hartland Inn and other real and personal property for damages, as described in preceding paragraphs.

18.    The policy of insurance was a valid and binding agreement between the parties.

19.    Margrit Meier d/b/a Hartland Inn substantially complied with all terms and obligations of the policy with regard to the above-described insurance claim.

20.    In making payment under this claim, Wadena used the Broad Evidence Rule to calculate the Actual Cash Value of the building impacted by the fire.  Wadena's policy issued to Margrit Meier d/b/a Hartland Inn does not allow for the application of the Broad Evidence Rule.  Further, IMT, Wadena's affiliated company, defines Actual Cash Value on its website as "cost to replace property with new property of like kind and quality, less depreciation." (Exhibit D).

21.    There is nothing in Wadena's policy issued to Margrit Meier d/b/a Hartland Inn that would put her on notice that Wadena would only pay market value for the property after a covered loss. Instead, all indications through the policy and Wadena's parent company's website is that a loss would be settled on an Actual Cash Value.

22.    Wadena's use of the Broad Evidence Rule with Margrit Meier d/b/a Hartland Inn breached the policy between Wadena and Margrit Meier d/b/a Hartland Inn.

## SECOND CAUSE OF ACTION – BAD FAITH

23.    By virtue of the policy of insurance issued by Wadena to Margrit Meier d/b/a Hartland Inn, Wadena owed certain express and implied duties to Margrit Meier d/b/a Hartland Inn, including, but not limited to:

    a.    a duty of good faith and fair dealing;

    b.    a duty to act in the insured's best interests;

    c.    a duty to promptly acknowledge communications with respect to claims;

    d.    a duty to promptly perform claim investigation services;

    e.    a duty to provide necessary information and instructions to the insured for compliance and submission of claims;

    f.    a duty to attempt in good faith to effectuate a fair and equitable settlement of claims;

    g.    a duty to provide prompt and reasonable explanation of the basis in the policy or applicable law for any delay or denial of benefits;

    h.    a duty to refrain from requiring the insured to initiate a lawsuit to recover amounts due and owing under the policy;

    i.    a duty to promptly pay any undisputed or irrefutable loss in a timely fashion; and

    j.    a duty to properly represent the terms and conditions of the policy.

24.     Wadena and/or its authorized agents breached the above duties and obligations owed to Margrit Meier d/b/a Hartland Inn by applying the Broad Evidence Rule to this claim.

25.     Wadena has breached the implied covenant of good faith and fair dealing by, among other things, intentionally, wantonly, willfully, and/or with reckless disregarding Margrit Meier d/b/a Hartland Inn's rights in refusing to pay for property damage arising out of the fire described above in the absence of a reasonable basis for not paying those amounts.

26.     Wadena has failed to proceed on Margrit Meier d/b/a Hartland Inn's insurance claim in a manner that is honest and informed and has acted in bad faith.

27.     As a direct and proximate cause of Wadena's bad faith, Margrit Meier d/b/a Hartland Inn is entitled to recover all losses due and owing under the policy, all other compensatory and/or pecuniary losses, reasonable attorney fees and costs, and punitive damages.

### THIRD CAUSE OF ACTION – PREJUDGMENT INTEREST

28.     Wis. Stat. § 628.46 requires every insurer, including Wadena, to promptly pay every insurance claim within 30 days. Any claim that is not paid within 30 days after receipt of written notice of the loss and the amount of the loss is deemed overdue.

29.     Wadena was furnished written notice of the fact of covered property damage to Margrit Meier d/b/a Hartland Inn immediately after the fire.

30.     Wadena has also been furnished with information concerning the amount of the loss.

31.     To date, Wadena has not paid for the property damage to the building owned and operated by Margrit Meier d/b/a Hartland Inn.

32.     To the extent any portion of Margrit Meier d/b/a Hartland Inn's insurance claim is or was overdue, she is entitled to interest on the outstanding amounts.

## FOURTH CAUSE OF ACTION – SETTING ASIDE THE APPRAISAL AWARD

33.     Per Wisconsin law, an appraisal award can be set aside for fraud, bad faith, material mistake, or lack of understanding of the contractually assigned task.

34.     The appraisers here were to calculate the amount of loss.  Instead of calculating the amount of loss, the appraisal panel calculated the Actual Cash Value using the broad evidence rule which reflected the market value of the property.

35.     Neither Wisconsin law nor the Wadena policy allows Actual Cash Value to be calculated using the broad evidence rule and instead requires that Actual Cash Value be calculated by replacement cost minus depreciation.

36.     Because the appraisal panel calculated Actual Cash Value using the broad evidence rule focusing on market value of the property, the panel did not understand or complete their contractually assigned task.

37.     Further, the appraisal award did not calculate the replacement value of the property even though the policy issued by Wadena to Margrit Meier d/b/a Hartland Inn is a replacement cost policy.

38.     The appraisal panel thus did not understand or complete the contractually assigned task, which should result in the appraisal award being set aside.

## DECLARATORY JUDGMENT

39.     The insurance policy between Wadena and Margrit Meier d/b/a Hartland Inn is a binding contract between the parties.

40.    The insurance policy between Wadena and Margrit Meier d/b/a Hartland Inn does not allow for the application of the Broad Evidence Rule, which Wadena used to calculate the market value of the building damaged by the fire.

41.    While the Wadena policy does not define Actual Cash Value, Wadena's affiliated company IMT defines Actual Cash Value on its website as "cost to replace property with new property of like kind and quality, less depreciation." (Exhibit D).

42.    In 2014, the Court of Appeals of Wisconsin in <u>Coppins v. Allstate Indem. Co</u>., held that absent language in the policy to the contrary, Actual Cash Value for property damaged by a covered peril in a standard property policy is replacement costs minus depreciation with no allowance for the Broad Evidence Rule.  In <u>Coppins</u>, the Court set aside the appraisal award because the appraisers used the Broad Evidence Rule to calculate the market value of the building damaged by a covered peril instead of calculating the Actual Cash Value and replacement value of the repairs necessary to repair the building.

43.    The appraisal panel here used the Broad Evidence Rule in the appraisal process which, per <u>Coppins</u>, makes the appraisal award improper.

44.    Margrit Meier d/b/a Hartland Inn is seeking a declaration that the policy between Wadena and her does not allow for the Broad Evidence Rule to be used to calculate Actual Cash Value.  Further, Margrit Meier d/b/a Hartland Inn is seeking a declaration that Wadena owes her an additional $268,284.21, which represents the difference between what she has been paid and the building policy limit given that Wadena's own estimate to repair the building exceeds the policy limit.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

Exhibit B-3

A.    For payment of any unpaid portion of the claim resulting from the property damage to Margrit Meier d/b/a Hartland Inn described in this Complaint;

B.    For all other damages sustained by Plaintiff as a result of Defendant's breach of the insurance policy;

C.    For all other contractual or other benefits due and owing under the insurance policy;

D.    For interest on any unpaid, overdue portion of the claim, pursuant to Wis. Stat. § 628.46;

E.    For litigation and investigation costs, including actual attorney fees;

F.    For punitive damages;

G.    Declaratory judgment on the policy of insurance;

H.    For an order setting aside the appraisal award; and

I.    For all other relief this Court deems just and proper, including the costs and disbursements of this proceeding.

PLAINTIFF DEMANDS A TRIAL BY JURY OF 12 PERSONS

Dated this 2nd day of September, 2022.

MAYER, GRAFF & WALLACE, LLP

/s/ Ryan R. Graff

By: _____
Attorney Ryan R. Graff
State Bar No.: 1051307
Attorneys for Plaintiff Margrit Meier d/b/a Hartland
Inn

Mailing Address
1425 Memorial Drive, Suite B
Manitowoc, WI 54220
(920) 683-5800 Telephone
(800) 465-1031 Facsimile
rgraff@mgwlawwi.com

**Exhibit B-3**

 INSURANCE

September 4, 2019


Hartland Inn
Attn. Margrit Meier
110 Cottonwood Ave
Hartland, WI 53029


    Re:    Claim No.:      201924411
              Insured:       Hartland Inn
              Date of Loss:   6/29/19

Mrs. Meier:

This letter is to reiterate the conversation we had with your daughter, Monica Jaco on September 4, 2019 regarding the fire loss that occurred on or about June 29, 2019 at 110 Cottonwood Ave Hartland, WI 53029. Our investigation found the cause of the fire to be the commercial air conditioner unit located on the roof, resulting in the extensive damage to building and contents.

We wish to direct your attention to your policy WOT2087 issued to you with effective dates of December 30, 2018 to December 30, 2019.  Under the terms of your policy, we refer you to the Business Owners Form:

Section I – Property

C. Limits of Insurance

1.  The most we will pay for loss or damage in any one occurrence is the applicable Limits Of Insurance of Section I – Property shown in the Declarations.

2.  The most we will pay for loss of or damage to outdoor signs attached to buildings is $1,000 per sign in any one occurrence.

3.  The amounts of insurance applicable to the Coverage Extensions and the following Additional Coverages apply in accordance with the terms of such coverages and are in addition to the Limits of Insurance of Section I - Property:
    ...

E. Property Loss Conditions

5.  Loss Payment
    In the event of loss or damage covered by this policy:



**a.** At our option, we will either:

**(1)** Pay the value of lost or damaged property;
**(2)** Pay the cost of repairing or replacing the lost or damaged property;
**(3)** Take all or any part of the property at an agreed or appraised value; or
**(4)** Repair, rebuild or replace the property with other property of like kind and quality, subject to Paragraph **d.(1)(e)** below.

**b.** We will give notice of our intentions within 30 days after we receive the sworn proof of loss.

**c.** We will not pay you more than your financial interest in the Covered Property.

**d.** Except as provided in Paragraphs **(2)** through **(7)** below, we will determine the value of Covered Property as follows:

**(1)** At replacement cost without deduction for depreciation, subject to the following:

**(a)** If, at the time of loss, the Limit of Insurance on the lost or damaged property is 80% or more of the full replacement cost of the property immediately before the loss, we will pay the cost to repair or replace, after application of the deductible and without deduction for depreciation, but not more than the least of the following amounts:

**(i)** The Limit of Insurance under Section I – Property that applies to the lost or damaged property;"

**(ii)** The cost to replace, on the same premises, the lost or damaged property with other property:

    **i.**    Of comparable material and quality; and
    **ii.**   Used for the same purpose; or

**(iii)** The amount that you actually spend that is necessary repair or replace the lost or damaged property.

If a building is rebuilt at a new premises, the cost is limited to the cost which would have been incurred had the building been built at the original premises.

**(b)** If, at the time of loss, the Limit of Insurance applicable to the lost or damaged property is less than 80% of the full replacement cost of the property immediately before the loss, we will pay the greater of the following amounts, but not more than the Limit of Insurance that applies to the property:

**(i)** The actual cash value of the lost or damaged property; or
**(ii)** A proportion of the cost to repair or replace the lost or damaged property, after application of the deductible and without deduction for depreciation. This proportion will equal the ratio of the applicable Limit of Insurance to 80% of the full replacement cost of the property.

Exhibit B-3

...

**(c)** You may make a claim for loss or damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis. In the event you elect to have loss or damage settled on an actual cash value basis, you may still make a claim on a replacement cost basis if you notify us of your intent to do so within 180 days after the loss or damage.

**(d)** We will not pay on a replacement cost basis for any loss or damage:

**(i)** Until the lost or damaged property is actually repaired or replaced; and
**(ii)** Unless the repair or replacement is made as soon as reasonably possible after the loss or damage.

However, if the cost to repair or replace the damaged building property is $2,500 or less, we will settle the loss according to the provisions of Paragraphs **d.(1)(a)** and **d.(1)(b)** above whether or not the actual repair or replacement is complete."

Per the conversation on September 4, 2019 with Monica it was explained that the value of the property was made based on the Broad Evidence Rule.

Wisconsin recognizes the Broad Evidence Rule which is the value rule that does not adhere to the principle that the traditional measure of actual cash value is the sole measure of value at the time of loss. In order to adhere to the Broad Evident Rule the initial payment of $775,000.00 was based off the average of the assessed value, sales approach value, cost approach value and actual cash value that were provided in the appraisal that was received from Argianas and Associates that were as follows:

> $850,000.00 is the Assessed Value
> $890,000.00 is the Sales Approach Value
> $800,000.00 is the Cost Approach Value
> $560,000.00 is the Actual Cost Value

The total of the four values above is $3,100,000.00 with an average value of $775,000.00.

It is our understanding that at this time you have not made a decision as to whether or not the building will be rebuilt. The offer extended to you for $775,000.00 is again based off the average value of the property and the total amount paid on the building if you choose not to rebuild. Should you choose to rebuild then the additional $338,420.00 of the building policy limits are available based on a building of the same like, kind and quality.

We have enclosed a draft in the amount of $775,000.00 as this is the undisputed amount of the building loss.

Please contact us at (800) 274-3531 ext: 510 if you have any questions or concerns. Our office hours are 8:00 a.m. to 4:30 p.m. weekdays.

Sincerely,

**Exhibit B-3**

MARK BURCH
Large Loss Specialist

cc:  ICON Insurance Service Group
     800081

## AGREEMENT FOR SUBMISSION TO APPRAISERS

**Insurance Company Claim Number: 2019Z4411**
**Policy Number: WOT2087**
**Effective Dates of Policy: 12/30/18 to 12/30/19**

It is hereby agreed, by and between Hartland Inn and Wadena Insurance Company that a disagreement exists as to the actual cash value, the amount of loss, the cause of loss, or the cost of repair or replacement as a result of a fire loss to property located at or near 110 Cottonwood Ave Hartland, WI 53029 and occurring on 6/29/19.   As a result, we agree to submit the dispute to appraisers under the Appraisal provision of the policy which reads:

> **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
>
> Each party will:
> 1. Pay its own appraiser; and
> 2. Bear the other expenses of the appraisal and umpire equally.

## SCOPE OF THE APPRAISAL (NATURE OF THE DISAGREEMENT):

We are asking you to determine the correct Actual Cash Value (ACV) of the insured's building, given the acceptable methods for determining an ACV in the state of Wisconsin.

When determining ACV, the Broad Evidence Rule is used in the state of Wisconsin. The Broad Evidence Rule says that everything that bears on the value of the property should be considered.

7/1/2019
The claim was reported to IMT Insurance/Wadena (IMT)

7/3/2019
Propery Claim Representative Josh Harmsen met with insured at the loss site.

7/8/2019
The claim was reassigned to Large Loss Claim Specialist Mark Burch (Burch)

7/9/2019
Burch met with the insured at the loss site



Exhibit B-3

8/19/2019
IMT made an ACV offer to insured in the amount of $775,000.00 per the Broad Evidence Rule.
As noted, this rule is used in the state of ~~Wisconsin~~Wisconsin (WI) to determine the actual ACV
of a loss.

The insured's daughter stated they have several people to speak with and will get back to IMT.

The ACV value was determined by the following factors:

1) $850,000.00 = assessed value
2) $890,000.00 = sales approach value
3) $800,000.00 = cost approach value
4) $560,000.00 = ACV

$3,100,000.00 = TOTAL

$775,000.00 = average of these 4 figures

9/4/2019
Payment for $775,000.00 issued to the insured.

9/18/19
Burch received a letter of representation from Miller Public Adjusters (MPA); they now represent
the insureds on this claim.

11/13/19
Burch received an email from MPA stating he and the insured do not believe the building is a
total loss and therefore want it repaired.  They provided an estimate of repairs totaling
$1,875.644.04, which is $762,224.04 over insured's policy limits.  MPA also provided an
Xactimate valuation report, which puts the RCV at $2,940,252.95 and the ACV amount at
$2,143,444.89.

1/17/20
IMT Claims Manager Mary Clayton spoke with Attorney Bob Burrell of Borgelt Powell Peterson
& Frauen S.C. in Milwaukee, WI. to get his opinion on the handling of this claim.  Mr. Burrell
advised IMT to add the ACV amount of the IMT company estimate into the Broad Evidence
Rule, further supporting it being the most accurate representation of the true ACV.  MPA argues
that this should not have been used as it is only for the repairs and not the value of the building.

2/12/20
IMT agreed to issue an additional payment considering the following factors:

1) $850,000.00 = assessed value
2) $890,000.00 = sales approach value

Exhibit B-3

3) $800,000.00 = cost approach value
4) $560,000.00 = ACV
5) $1,125,678.94 = ACV of IMT estimate

$4,225,678.94 = TOTAL

$845,135.79 = Average of these 5 figures.

IMT believes this figure accurately represents the ACV of the property. To date IMT had issued payment in the amount of $785,000 for the ACV, which left a difference of $60,135.79. Burch then issued a draft in the amount of $60,135.79 to insured and MPA bringing the total ACV payment to $845,135.79. Burch also sent an email explanation to MPA.

SUMMARY
As advised by Attorney Burrell, due to the amount of damage and what would need to be done to rebuild the damaged structure, the insured's building would be considered a wholly destroyed building, as it has lost its identity as a structure. Even though the walls and roof may stand, the fact that the interior of the building has to be rebuilt, would still justify the building be considered wholly destroyed. The term wholly destroyed in Wisconsin relates to both commercial and residential buildings. Therefore, IMT moved to establish the proper ACV of the damaged building.

The Broad Evidence Rule was applied, which again Attorney Burrell agreed was used appropriately in this situation. The Broad Evidence Rule can be used on both total losses and repairs, as it determines the ACV regardless of reparability. The Broad Evidence Rule is not being used to determine the cost of repair, but rather the ACV. This supports IMT's use of the estimate of ACV being included in the Broad Evidence Rule calculation.

Lastly, regarding the WI State Legislature language (Chapter 632) in regard to the payment of the final settlement, as it is well known and should be used on both commercial and residential properties. As such, 25% of the final settlement should be withheld on this claim per the WI State Legislature language - Chapter 632.

However, MPA finds that the insured's building is repairable, as their Xactimate estimate has a full rebuild cost of $2.9 million, but they have no further documentation to support the value of the insured's building. MPA also states, the building is repairable no matter what the cost, so therefore should be repaired. Since the MPA finds the building to repairable, they are stating the Broad Evidence Rule does not apply.

IMT believes the Broad Evidence Rule does apply and that was used accurately and properly in this situation.

Exhibit B-3

**APPRAISER APPOINTMENTS:**

The insured hereby selects Paul Hausz with Hausz Contractors Inc. as their competent and independent appraiser.

The insurance company hereby selects Mark Stromberger with Cullen Claims as its competent and independent appraiser.

The appraisers will act with strict impartiality in making an appraisement and estimate of the values and loss upon the property hereinbefore mentioned, in accordance with the foregoing agreement, and the appraisers will make a true, just, and conscientious award of the same, according to the best of their knowledge, skill, and judgment.

**DUTIES OF APPRAISERS:**
1. Appraisers shall first select an umpire. If they fail to agree within 15 days, they shall notify both parties so the policy provisions can be invoked.
2. Appraisers shall then appraise the loss, stating separately their opinion of the value related to the nature of the dispute.
3. If the appraisers fail to agree, they shall submit their differences to the umpire.

It is mutually agreed that the appraisement, as outlined in this agreement, does not in any way waive any of the provisions or conditions of the policy of insurance or any forfeiture thereof or the proof of such loss required by the policy of insurance. It is agreed that the insurance company, regardless of the amount of the award, will not pay more than the coverage policy limit.

Agreed to this     day of     ,     at or near     .

_____
Insured Name

_____
Insurance Company Representative

_____
Other

_____
Other

Exhibit B-3



**WEPS Contracting Services LLC**
N78 W14573 Appleton Ave #232
Menomonee Falls, WI 53051

Phone: +262-235-8 020 ext. 700
Email: jay@wepsllc.com
Fax: (262) 235-8020
Web: www.wepsllc.com

**Margrit Meier**
110 Cottonwood Avenue
Hartland, WI 53029

(262) 391-9022
(414) 614-9069

| | |
|---|---|
| Payment Terms | Due upon receipt |
| Invoice # | 2019187 |
| Date | 08/21/2020 |
| Business / Tax # | 30-1056298 |

| Description | Total |
|---|---|
| Debris Removal | $6,700.00 |
| Dumpster fees | $1,100.00 |

| | |
|---|---|
| Subtotal | $7,800.00 |
| Tax | $429.00 |
| Total | $8,229.00 |

*Handwritten notes:*
$ 4114.50  pol # 5102
9/2/2020
$ 4114.50  pol # 5110
10/5/2020
$ 8229.—  by Credit Card

**Payments Summary**

| | | |
|---|---|---|
| 08/21/2020 - Online Credit Card | | $4,114.50 |
| Paid Total | *check # 51102  9/2/20* | $4,114.50 |
| Remaining Amount | *check # 51110  10/5/2020* | $4,114.50 |

→ paid by Credit Card

We Look Forward to working with you!
Please Sign and make Payment to Expedite Scheduling.
Thank You for your Business!



EXHIBIT
C



**WEPS Contracting Services LLC**

*Jay*
262-492-8653

**Margrit Meier**
110 Cottonwood Avenue
Hartland, WI 53029

(262) 391-9022
(414) 614-9069

N78 W14573 Appleton Ave #232
Menomonee Falls, WI 53051

Phone: +262-235-8 020 ext. 700
Email: jay@wepsllc.com
Fax: (262) 235-8020
Web: www.wepsllc.com

| | |
|---|---|
| Estimate # | 000171 |
| Date | 11/14/2019 |
| PO # | 2019171 |
| Business / Tax # | 30-1056298 |

| Description | Total |
|---|---|
| Remove Existing Temporary Roof Covering | $850.00 |
| Labor and Materials | |
| Install Temporary Framing to exterior of building | $1,160.00 |
| Labor and Materials | |
| Install Temporary Framing to span the Fire Damaged Roof w/pitch | $3,280.00 |
| Labor and Materials | |
| Install Temporary EPDM covering membrane 40 mil | $1,620.00 |
| Labor and Materials | |

$ 4374.03  pof # 51040
11/30/2019
$ 2916.02  pof # 5104
12/13/2019
$ 7.290.05

| | |
|---|---|
| Subtotal | $6,910.00 |
| Tax | $380.05 |
| **Total** | **$7,290.05** |

**Payment Schedule**

| | |
|---|---|
| 1st payment (60%) | $4,374.03 |
| Final payment (40%) | $2,916.02 |

Hartland Inn / Margrit Meier
Wadena Insurance Company
Claim# 2019Z4411
DOL: 6-29-2019
Peril: Fire

Broad Evidence ACV Calculation:

| Evaluation Source | RCV | % | DEP | ACV | Expert |
|---|---|---|---|---|---|
| Argianas & Assoc Appraisal Retrospective Market Valuation | | | | $ 890,000.00 | certified general commercial appraiser |
| Argianas & Assoc Appraisal Cost Approach ACV | | | | $ 560,000.00 | certified general commercial appraiser |
| 2019 Waukesha County Tax Assessment FMV Improvements | | | | $ 888,500.00 | professionally appraised |
| Mark Stromberger Xactimate RCV/ACV Valuation | | | | $ 690,023.53 | property claims consultant |
| Paul Hauz email opinion Estmate RC - 25% = ACV | $ 1,850,000.00 | 25.0% | $ 462,500.00 | $ 1,387,500.00 | general contractor |
| Wadena Insurance Symbility Estimate | $ 1,553,697.97 | 27.5% | $ 428,019.03 | $ 1,125,678.94 | company adjuster |

|  |  |  |
|---|---|---|
| **Broad Evidence ACV** | $ | **923,617.08** |
| **ADD WEPS Contracting Services - Incurred Expenses** | $ | **15,519.50** |
| **AWARD** | $ | **939,136.58** |

Exhibit B-3

## APPRAISAL AWARD

| | |
|---|---|
| **Insured:** | **Margrit Meier dba Hartland Inn** |
| **Insurer:** | **Wadena Insurance** |
| **Claim Number:** | **2019Z4411** |
| **Date of loss:** | **6-29-2019** |
| **Type of loss:** | **Fire** |
| **Loss locations:** | **110 Cottonwood Ave.** |
| | **Hartland, WI 53029** |

We, the undersigned, pursuant to the within appointment, do hereby certify that we have truly and conscientiously performed the duties assigned to us, agreeably to the forgoing stipulations, and have appraised and determined and do hereby establish the ACTUAL CASH VALUE of the loss sustained by the above referenced insured on the date and event so noted.

| Item Description: | Actual Cash Value Loss: |
|---|---|
| Building Loss ACV | $923,617.08 |
| WEPS Contracting Services Incurred Expense | $15,519.50 |

| | |
|---|---|
| **Total Award:** | **$939,136.58** |

**Remarks/Clarifications:** Replacement Cost was not appraised because the insured risk was sold as is on 5-15-20. See spreadsheet for breakdown.

As executed this date:

Appraiser: _____ Date: _____
For the Insured:  Paul Hauz

Appraiser: _____ Date: _____
For the Insurance Company: Mark Stromberger

Umpire: _____ *William Marske* _____ Date: 8/10/2022
William Marske

Subject to coverage under the policy, deductible and any prior payments.

Exhibit B-3

## APPRAISAL AWARD

| | |
|---|---|
| Insured: | Margrit Meier dba Hartland Inn |
| Insurer: | Wadena Insurance |
| Claim Number: | 2019Z4411 |
| Date of loss: | 6-29-2019 |
| Type of loss: | Fire |
| Loss locations: | 110 Cottonwood Ave. |
| | Hartland, WI 53029 |

We, the undersigned, pursuant to the within appointment, do hereby certify that we have truly and conscientiously performed the duties assigned to us, agreeably to the forgoing stipulations, and have appraised and determined and do hereby establish the ACTUAL CASH VALUE of the loss sustained by the above referenced insured on the date and event so noted.

| Item Description: | Actual Cash Value Loss: |
|---|---|
| Building Loss ACV | $923,617.08 |
| WEPS Contracting Services Incurred Expense | $15,519.50 |

| Total Award: | $939,136.58 |
|---|---|

**Remarks/Clarifications:** Replacement Cost was not appraised because the insured risk was sold as is on 5-15-20. See spreadsheet for breakdown.

As executed this date:

Appraiser: _____ Date: _____
For the Insured: Paul Hauz

Appraiser: _____ Date: 8.10.22
For the Insurance Company: Mark Stromberger

Umpire: _____ Date: 8/10/2022
William Marske

**Subject to coverage under the policy, deductible and any prior payments.**

Exhibit B-3

| | |
|---|---|
| Insured: | Hartland Inn / Margrit Meier d/b/a |
| Carrier: | Wadena Insurance |
| Policy No: | WOT2087 |
| Claim No: | 2019Z4411 |
| DOL: | June 29, 2019 |
| Loss Location: | 110 Cottonwood Avenue, Hartland, Wisconsin |

## DECLARATION OF APPRAISERS

We, the undersigned, do solemnly swear that we are qualified and competent and will make an Appraisal of the property hereinbefore mentioned, stating the amount of loss, in accordance with the Appraisal Condition of the Policy of Insurance issued to the Insured, and that we will make a true, just and conscientious Award of the same according to the best of our knowledge, skill and judgment.

STROMBERGER                                    5/27/20

Mark Gollan
Appraiser Name Appraiser for the Carrier                  Date

Paul Hausz                                      5-28-20
Appraiser Name for the Insured                            Date

## SELECTION OF UMPIRE

We, the undersigned, hereby select and appoint Bill Mavske to act as umpire to settle matters of difference that shall exist between us, if any, by reason of and in compliance with the foregoing agreement and appointment.

STROMBERGER

Mark Gollan
Appraiser Name Appraiser for the Carrier                  Date

Paul Hausz
Appraiser Name for the Insured                            Date

## QUALIFICATION OF UMPIRE

I, the undersigned, hereby accept the appointment of umpire, as provided in the foregoing agreement, and solemnly swear that I will act with strict impartiality in all matters of difference that shall be submitted to me in connection with this appointment and I will make a true, just and conscientious award according to the best of my knowledge, skill and judgment. I am not related to any of the parties to this memorandum, not interested as a creditor or otherwise in said property or the insurance thereon.

Will March                2/14/2022

Umpire of Record Date

Exhibit B-3



<IMT> INSURANCE

Insurance 101 | Needs Assessment | Why Independent Agents? | Locate an Agent | Contact Us

Home Insurance
Auto Insurance
Umbrella Insurance
Recreational Insurance
Claims
Auto Claims
Home Claims
Claims Articles
Glossary
FAQ's

## Glossary

**Actual Cash Value:**
Cost to replace property with new property of like kind and quality, less depreciation.

**Additional living expenses:**
Extra charges covered by homeowners policies over and above your customary living expenses, usually used when you insured require temporary shelter due to damage by a covered peril that makes your home temporarily uninhabitable.

**Adjuster:**
An individual employed by an insurer to evaluate losses and settle policyholder claims.

**Appraisal:**
A survey to determine a property's insurable value, or the amount of a loss.

**Appraisal Clause:**
The terms and conditions of your policy of insurance may contain an appraisal clause. This may be requested by you or the insurance company in cases where the amount of loss is disputed. Each party chooses their own appraiser and a third appraiser is chosen, called an umpire. The decision determined as a result of the appraisal process is binding.

**Arbitration:**
Procedure in which an insurance company and the insured agree to settle a claim dispute by accepting a decision made by a third independent party.

Exhibit B-3



EXHIBIT

D

tabbies®