OTJEN LAW FIRM, S.C.
Attorneys at Law • Founded 1881

20235 Swenson Drive, Suite 310
Waukesha, WI 53186
262-777-2200
Fax: 262-777-2201
www.otjen.com

FILED
01-16-2023
Clerk of Circuit Court
Outagamie County
2022CV000777

Direct Dial (262) 777-2231
E-Mail ♦ mnevaranta@otjen.com

January 13, 2023

**SERVED VIA E-FILING**

Honorable Judge Mark G. Schroeder
Outagamie County Circuit Court
Justice Center
320 S. Walnut Street
Appleton, WI 54911

Re:    Margrit Meier v. Wadena Insurance Company & William Marske
       Case No.: 22-CV-777

Dear Honorable Judge Schroeder:

I, along with Attorney Pezze, represent Defendant Wadena Insurance Company in the above-referenced matter. This letter is to join in support of Defendant William Marske's Motion to Dismiss and to provide additional context as to why the Motion to Dismiss Mr. Marske as a defendant should be granted as a matter of law.

On July 8, 2020, Plaintiff Margrit Meier d/b/a Hartland Inn ("Ms. Meier"), filed a complaint against defendant Wadena Insurance Company ("Wadena"), asserting claims for breach of contract and bad faith based on disputed property damage claims under a Wadena insurance policy in the United States District Court in the Eastern District of Wisconsin, Case No. 20-cv-1025-bhl. In lieu of an answer, Wadena filed a motion to dismiss Ms. Meier's complaint arguing that she failed to complete the mandatory dispute resolution procedure as described in the parties' insurance contract, a necessary prerequisite to litigation. Wadena's motion to dismiss was granted on August 19, 2021, by the Honorable Judge Ludwig. A true and correct copy of the order dismissing the federal suit is attached to this letter as **Exhibit A**.

In response to Judge Ludwig's fatal blow to Ms. Meier's federal suit, Ms. Meier filed a nearly identical suit, which is before you now, in Outagamie County Circuit Court on September 2, 2022, with the addition of Mr. Marske as a defendant.

Respectfully, Wadena believes that Mr. Marske was added to this case as a sham defendant. Defendant William Marske ("Mr. Marske") is a citizen of the State of Wisconsin. *See* Compl. ¶ 3. While "[a] plaintiff typically may choose its own forum … it may not join a non-diverse defendant simply to destroy diversity jurisdiction." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). "Fraudulent joinder," a "term of art," refers to "a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives" for joining the

defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Joinder of an in-state defendant "is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists 'no reasonable possibility that a state court would rule against the [in-state] defendant.'" *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F3d 875, 878 (7th Cir. 1999) (quoting *Poulos*, 959 F.2d at 73). A defendant must demonstrate that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos*, 959 F.2d at 73. Although a defendant "bears a heavy burden to establish fraudulent joinder, it need not negate any possible theory that [the plaintiff] might allege in the future; only his present allegations count." *Id* at 74. Claims asserted against the forum defendant must be legitimate and not against a sham defendant. (*See Hamilton Materials, Inc. v. Dow Chem. Corp.* (9th Cir. 2007) 494 F.3d 1203, 1206, quoting *McCabe v. General Foods Corp.* (9th Cir. 1987) 811 F.2d 1336, 1339: "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is deemed fraudulent.")

Even if the allegations in Ms. Meier's complaint are accepted as true, the complaint does not state a plausible claim for relief against Mr. Marske, making him a fraudulently joined sham defendant to this state action. Ms. Meier concedes she "is not seeking monetary damages from Mr. Marske." Brief Opposing Defendant William Marske's Motion to Dismiss ("Opp. Brief"), e-filing Doc. No. 15, p. 3. Additionally, the declaratory judgment sought by Ms. Meier states that Wadena, not Mr. Marske, "owes her an additional $268,284.21." *See* Compl. ¶ 44. Finally, Mr. Marske is not a necessary party to the claim to set aside the appraisal award. Ms. Meier cites no case law in support of this contention. To the contrary, the cases cited in Ms. Meier's brief, *St. Croix Trading*, *Farmers Auto Ins. Ass'n*, and *Coppins*, set aside appraisal awards despite the fact that neither the appraisers nor the umpires were parties to those cases. Because there is no reasonable possibility that a state court would rule against Mr. Marske on any of Ms. Meier's claims, he must be dismissed as a defendant as a matter of law.

For the foregoing reasons, and reasons stated in Mr. Marske's briefing, defendant Wadena asks that this Court grant Mr. Marske's Motion to Dismiss as a matter of law.

Very Truly Yours,

**OTJEN LAW FIRM, S.C.**

/s/ Matthew D. Nevaranta

Matthew D. Nevaranta

MDN/kmo

Attachment