UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARGRIT MEIER d/b/a
Hartland Inn,

          Plaintiff,

v.                                                                   Case No. 23-cv-0158-bhl

WADENA INSURANCE COMPANY,

          Defendant,

## ORDER

       This Order is a coda to the one the Court issued on June 5, 2023, dismissing Plaintiff Margrit Meier's case on the grounds that she did not plausibly plead viable claims against Defendant Wadena Insurance Company. (ECF No. 19.) The dismissal order resolved the merits of the suit but did not address Wadena's pending motion for sanctions under Federal Rule of Civil Procedure 11. (ECF No. 15.) For the following reasons, that motion will be denied.

       Motions for Rule 11 sanctions are seldom granted. *See Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003) ("[A] district court must . . . bear in mind that [Rule 11] sanctions are to be imposed sparingly."). That said, the Seventh Circuit does not look fondly upon litigants who bring meritless challenges to binding arbitration awards. *See Cuna Mut. Ins. Soc'y v. Off. and Pro. Emps. Int'l Union, Loc. 39*, 443 F.3d 556, 561 (7th Cir. 2006) (collecting cases upholding Rule 11 sanctions imposed when parties to arbitration challenge that process, and the challenge is "substantially without merit"). Wadena argues that Meier's challenge was more than meritless; it was "exceedingly frivolous." (ECF No. 16 at 8.) That is an overstatement.

       Rule 11 sanctions are reserved for situations where a party's "legal contentions" are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Meier premised her case on *Coppins v. Allstate Indemnity Company*, 857 N.W.2d 896 (Wis. Ct. App. 2014), a decision of the Wisconsin Court of Appeals that injected some uncertainty into what previously seemed a settled area of law. Indeed, in its Order granting Wadena's motion to dismiss, the Court took steps to

distinguish *Coppins* from the balance of state-court authority on the matter of contractually mandated appraisals. (ECF No. 19 at 8-9.) As is more fully explained in the dismissal order, Meier's case has more in common with *Farmers Automobile Insurance Association v. Union Pacific Railroad Company*, 768 N.W.2d 596 (Wis. 2009) than *Coppins*. And to the extent *Coppins* articulated a new approach to appraisal review, that approach deviated from the one the Wisconsin Supreme Court embraced in *Farmers*, and this Court chose to stick with and apply the binding approach adopted by the state supreme court. Still, while the Court did not, in the end, side with Meier, her analogy to *Coppins* had some basis in law and fact sufficient to justify her decision to bring suit. It was not, as Wadena claims, an "exceedingly frivolous" maneuver.

Nor did the Court's Order dismissing Meier's prior lawsuit, *Meier v. Wadena Insurance Company*, No. 20-cv-1025-bhl, 2021 WL 3679614 (E.D. Wis. Aug. 19, 2021), render her most recent challenge dead on arrival. The previous case concerned whether *Coppins* flatly prohibited use of the so-called Broad Evidence Rule to calculate the "actual cash value" of an insured property. *Id.* at *3. The Court held that it did not, explicitly stating that *Coppins* "neither prohibits nor requires [] appraisers to use the Broad Evidence Rule." *Id.* Meier's latest challenge was about whether use of the Broad Evidence Rule, under the *specific terms* of the insurance policy she executed, ran afoul of *Coppins*. That is a similar, but distinct, question, and not one the prior decision attempted to answer. It is not, therefore, accurate to claim that Meier's previous defeat made dismissal of *this* case a foregone conclusion, nor is it fair to say that Meier "or [her] counsel should have known that [her] position [was] groundless." *Cuna Mut. Ins. Soc'y*, 443 F.3d at 560 (quoting *Nat'l Wrecking Co. v. Int'l Brotherhood of Teamsters, Loc. 731*, 990 F.2d 957, 963 (7th Cir. 1993)).

In the final analysis, Meier's lawsuit was not meritorious, but that does not, alone, make it sanctionable under Rule 11. Meier situated her claims within the framework set out in *Coppins* and made nonfrivolous arguments for extending the holding of that case to her circumstances. The Court rejected those arguments, but not on the grounds that they were baseless or made without inquiry into the existing state of the relevant law. Wadena's motion for Rule 11 sanctions will, therefore, be denied.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Wadena's Motion for Rule 11 Sanctions, pursuant to Fed. R. Civ. P. 11, (ECF No. 15), is **DENIED**.

Dated at Milwaukee, Wisconsin on June 13, 2023.

        s/ *Brett H. Ludwig*
        BRETT H. LUDWIG
        United States District Judge